IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05MC120 |
| | ) | |
| SCOTT HINES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MEMORANDUM ORDER

TILLEY, Chief Judge

This case is before the Court on Respondent Scott Hines' Objections to the Recommended Ruling of the Magistrate Judge [Docs. #13 & #20].

On October 31, 2005 a hearing was held before Magistrate Judge P. Trevor Sharp regarding the Order to Show Cause whether an IRS Summons should be enforced by this Court against Mr. Hines. As a result of this hearing, on November 22, 2005, the Magistrate Judge entered a Recommendation[1] that Mr. Hines appear before IRS Revenue Officer K.M. Granier-Lubore to give testimony and produce for examination the books, records, papers, and data requested in the IRS Summons. Mr. Hines filed objections to this recommendation [Doc. #13]. In his objections, Mr. Hines contends that the government's witness, Revenue Officer Granier-Lubore, was an incompetent witness, her testimony was not based on personal

---

[1] Pursuant to an Order dated February 16, 2006, the November 22, 2005 Order was converted to a Recommendation of the United States Magistrate Judge [Doc. #18].

knowledge, and that the Magistrate Judge admitted inadmissible evidence resulting in prejudice to Mr. Hines.

Upon review of the motions filed by Respondent Hines as well as the transcript of the October 31, 2005 show cause hearing, it is apparent that the United States has met its prima facie burden of showing that the IRS Summons was issued in accordance with the dictates of <u>United States v. Powell</u>. 379 U.S. 48, 57-58, 85 S. Ct. 248 (1964) (requiring that an IRS Summons be issued for a proper purpose, the material sought is relevant to that purpose and is not already in the possession of the Commissioner, and all administrative steps required by the Internal Revenue Code prior to the issuance of the summons have been followed).

Additionally, Mr. Hines' hearsay objections to Revenue Officer Granier-Lubore's testimony regarding her consultation of IRS computer records is rejected. First, the computer records referenced by the witness appear to have been kept in the "course of a regularly conducted business activity" and are therefore covered by the hearsay exception in Rule 803(6). Fed. R. Evid. 803(6). Second, because these computer records were kept by the IRS, they also likely fall within the exception found in Rule 803(8) which exempts records of public offices or agencies which set forth the activities of that office or agency. <u>Id.</u> at 803(8); <u>see also</u> <u>United States v. Childress</u>, 24 Fed. Appx. 139, 142 (4th Cir. 2001) ("[O]fficial IRS documents, even if generated by a computer, are admissible as public records under Federal Rule of Evidence 803(8)."). Thus, the Revenue Officer's testimony

2

Case 1:05-mc-00120-NCT   Document 24   Filed 05/17/06   Page 2 of 4

that she knew certain steps had been taken because she saw evidence of these activities recorded in the IRS computer records was not inadmissible hearsay and Mr. Hines' objection was properly overruled.

Because Respondent Hines has proffered no evidence of improper purpose or abuse with regard to the issuance of the summons under review, see <u>Alphin v. United States</u>, 809 F.2d 236, 238 (4th Cir. 1987) ("Once the government met its prima facie case, the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process."), the Recommendation of the United States Magistrate Judge is adopted.

IT IS HEREBY ORDERED that the Respondent, Mr. Hines, no later than June 19, 2006 at 10:00 a.m., appear before Revenue Officer K.M. Granier-Lubore at the office of the Internal Revenue Service, 4405 Bland Road, Suite 100, Raleigh, North Carolina, and then and there give testimony and produce for examination the following books, records, papers, and other data:

> All documents in your possession and control reflecting the assets and liabilities of the above named taxpayer(s) including, but not limited to, the following: all bank and credit union statements, checkbooks, cancelled checks, savings account passbooks, and records of certificates of deposit, for January 1, 1998 to the date of full compliance with this summons, regarding accounts or assets held in the name of the taxpayer(s) or held for the benefit of the taxpayer(s); all records or documents regarding stocks including but not limited to any and all related documents to corporate holdings and/or relationships, title held within the corporate structure, copy(ies) of the corporate responsibility(ies), LLC (Limited Liability Corporation documents, entity structure, membership allocation/distribution, copy of the form 8832, any and all information, documents, associated with ANY trust(s) as a beneficiary, creator, grantor, settlor, trustee,

3

trust protector, or in any way related to ANY trust(s).  Any and all bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by the taxpayer(s), or in which the taxpayer(s) have a security interest, or held for the benefit of either or both of the taxpayers(s), including but not limited to any trust related documents, instruments, descriptions of the corpus, beneficiary(ies) of the trust, so that a current Collection Information Statement may be prepared.

IT IS FURTHER ORDERED that the United States Marshal for this District serve a certified copy of this Order upon Respondent Scott Hines within ten days from the date of the entry of this Order, and report his service thereof to the Court.

This the day of May 17, 2006

   <u>/s/ N. Carlton Tilley, Jr.</u>
United States District Judge

4